# MANDATE

E.D.N.Y. – Bklyn
04-cv-5141
99-cr-1104
Johnson, J.

United States Court of Appeals
FOR THE
SECOND CIRCUIT

———————

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand twenty.

Present:
> Dennis Jacobs,
> Debra Ann Livingston,
> Joseph F. Bianco,
>> *Circuit Judges*.

---

George Viruet,

> *Petitioner*,

v.                                                                                                          16-1213

United States of America,

> *Respondent*.

---

Petitioner moves for leave to file a successive 28 U.S.C. § 2255 motion, primarily based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019).  He argues, inter alia, that his 18 U.S.C. § 924(c) conviction predicated on conspiracy to commit murder in violation of 18 U.S.C. § 1959(a)(5) is no longer valid after *Johnson* and *Davis*. Upon due consideration, it is hereby ORDERED that the stay previously entered by this Court is TERMINATED, Petitioner's motion for leave to file a successive § 2255 motion is GRANTED, and this proceeding is TRANSFERRED to the district court.  *See* 28 U.S.C. § 1631.  Petitioner has made a prima facie showing that the proposed § 2255 motion satisfies the requirements of § 2255(h).*  *Bell v. United States*, 296 F.3d 127, 128 (2d Cir. 2002) (per curiam).

---

* For present purposes, we rely on the parties' pleadings, and the superseding indictment and judgment attached to the Government's opposition, for the relevant details of Petitioner's counts of conviction.

**MANDATE ISSUED ON 04/14/2020**

For the purposes of this order, we have not examined Petitioner's other proposed claim or his challenge to his conviction under § 924(j). *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("The court of appeals must examine the [successive] application to determine whether it contains any claim that satisfies . . . § 2255[(h)]. If so, the court should authorize the prisoner to file the entire application in the district court, even if some of the claims in the application do not satisfy the applicable standards.").

It is further ORDERED that Petitioner's motions to lift the stay, for appointment of counsel, and to strike a Government pleading, and the Government's motion for an extension of time, are DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

2