# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

MOTION FOR AN ORDER AUTHORIZING THE DISTRICT COURT
TO CONSIDER A SUCCESSIVE OR SECOND MOTION TO
VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT to 28 U.S.C. §§ 2244 (b), 2255(h)
BY A PRISONER IN FEDERAL CUSTODY

NAME: George Viruet

PLACE OF CONFINEMENT: FCI Schuylkill
P.O. Box 759/Minersville, PA 17954-0759

PRISONER NUMBER: 01193-748

*RECEIVED 2016 JUN -6 PM 3:51 CLERK'S OFFICE U.S. COURT OF APPEALS*

## Instructions–Read Carefully

(1) This motion must be legibly handwritten or typewritten and signed by the applicant under penalty of perjury. All documents must be on 8½ x 11 inch paper; the Court will not accept other paper sizes. Any false statements of a material fact may serve as the basis for prosecution and conviction for perjury.

(2) All questions must be answered concisely in the proper space on the form.

(3) Movant seeking leave to file a second or successive petition is required to use this form.

(4) Movant may use additional pages only to explain additional grounds for relief and facts that support those grounds. Separate petitions, motions, briefs, arguments, etc. should not be submitted.

(5) In capital cases only, the use of this form is optional, and separate petitions, motions, briefs, arguments may be submitted.

Rev. 10..27..2011

(6) Movant must show in the motion to the Court of Appeals that the claim to be presented in a second or successive habeas corpus application is based upon either

    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(7) Send the completed motion, the original and two copies, to:

**Clerk of Court**
**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall United States Court House**
**40 Foley Square**
**New York, New York 10007**

# MOTION

1. (a) State and division of the United States District Court which entered the judgment of conviction under attack
   United States District Court for the Eastern District of New York (Brooklyn)

   (b) Case number  04-CV-5141 (SJ)

2. Date of judgment of conviction  November 26, 2001

3. Length of sentence  Life/plus/120mos  Sentencing Judge  Sterling Johnson, Jr.

4. Nature of offense or offenses for which you were convicted:  Racketeering Conspiracy To Commit Murder (18 U.S.C. § 1959)(Count 1); Use of a Firearm During the Commission Of A Crime of Violence (18 U.S.C. § 924(c)(Count 3); Racketeering First Degree Murder (18 U.S.C. § 1959)(Count 2); and Use of A Firearm During Commission Of A Crime of Violence (18 U.S.C. § 924(c))(Count 4).

5. Have you taken a direct appeal relating to this conviction and sentence in the federal court?
   Yes (XX)   No ( )   If "yes", please note below:

   (a) Name of court  Second Circuit Court of Appeals
   (b) Case number  _____
   (c) Grounds raised (list all grounds; use extra pages if necessary)  _____
   _____
   _____
   _____

   (d) Result  _____
   (e) Date of result  _____

6. Related to this conviction and sentence, have you ever filed a motion to vacate in any federal court?
   Yes (X)   No ( )
   If "yes", how many times?  One  (if more than one, complete 7 and 8 below as necessary
   (a) Name of court  United States District Court for the Eastern District of New York
   (b) Case number  04-CV-5141
   (c) Nature of proceeding  motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.

(d) Grounds raised (list all grounds; use extra pages if necessary) Sentencing Court Relied Exclusively On Presentence Investigation Report ("PSR") To Enhance Petitioner; (2) PSR Fails To State The Actual Statute Of Prior Conviction Regarding Enhancement; (3) Actual Innocence Of Sentence Imposed; (4) Denial Of Allocution By Sentencing Court; and (5) Ineffective Assistance of Counsel.

(e) Did you receive an evidentiary hearing on your motion? Yes ( ) No (X)
(f) Result  Denied

(g) Date of result  March 23, 2005

7. As to any second federal motion, give the same information:
   (a) Name of court    None
   (b) Case number
   (c) Nature of proceeding

   (d) Grounds raised (list all grounds; use extra pages if necessary)
                        None

   (e) Did you receive an evidentiary hearing on your motion? Yes ( ) No ( )
   (f) Result            None
   (g) Date of result

8. As to any third federal motion, give the same information:
   (a) Name of court    None
   (b) Case number
   (c) Nature of proceeding

                        None

   (d) Grounds raised (list all grounds; use extra pages if necessary)
                        None

   (e) Did you receive an evidentiary hearing on your motion? Yes ( ) No ( )
   (f) Result            None
   (g) Date of result

Page 4

9. Did you appeal the result of any action taken on your federal motions? (Use extra pages to reflect additional federal motions if necessary)
   (1) First motion No ( )  Yes (X) Appeal No. 05-2412
   (2) Second motion No ( )  Yes ( ) Appeal No. _____
   (3) Third motion No ( )  Yes ( ) Appeal No. _____

10. If you did not appeal from the adverse action on any motion, explain briefly why you did not: _____ N/A _____

11. State concisely every ground on which you now claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.
    A. Ground one: Rule 60(b) Motion Improperly Classified As Second Or Successive § 2255 Motion

    Supporting FACTS (tell your story briefly without citing cases or law):
    On July 19, 2013, Mr. Viruet filed a motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Doc. 1). The motion contended that the integrity of the original § 2255 proceedings was defective where he was not afforded provisions to present his substantive claim that trial counsel failed to advise him of a 15 year plea offer by the government. **(continued on Addendum).**
    Was this claim raised in a prior motion? Yes ( )  No (X)

    Does this claim rely on a "new rule of law?" Yes (X)  No ( )
    If "yes," state the new rule of law (give case name and citation):
    Martinez v. Ryan, 132 S.Ct. 1309 (2012).

    Does this claim rely on "newly discovered evidence?" Yes (X)  No ( )
    If "yes," briefly state the newly discovered evidence when it was discovered, and why it was not previously available to you.
    Was not afford counsel in the original § 2255 proceeding, and new evidence was not discovered in years after the § 2255 motion was denied. Further, the Supreme Court decision in **Martinez** is an intervening change in procedural law government § 2254 proceedings, and is equally applicable to § 2255 proceedings. See e.g. Ramirez v. United States, 799 F.3d 845 (CA 7, 2015)(applying Martinez to federal § 2255 proceedings).

Page 5

B.    Ground two: <u>Viruet's Two Convictions Under 924(c) Are Constitutionally Infirm Where His Conspiracy To Murder and Murder Conviction Under 18 U.S.C. § 1959(a), Do Not Qualify As Crimes Of Violence.</u>

Supporting FACTS (tell your story briefly without citing cases or law):
<u>Viruet was convicted by jury of conspiracy to commit murder in aid of racketeering (Count One), murder in aid of racketeering (Count Two), and Using a Firearm in Connection with a Crime of Violence (Count Three), which resulted in death (Count Four), in violation of 18 U.S.C. §§ 1959(a)(1), 1959 (a)(5), 924(c) and 924(j)(1), respectively. He was sentenced to life imprisonment on Counts Two and Four, and a term of 120 months imprisonment on Counts One and Three, with the sentence for Count One to run concurrently and the sentence for Count Three to</u> **(see Addendum)**

Was this claim raised in a prior motion? Yes ( ) No (X)

Does this claim rely on a "new rule of law?" Yes (X) No ( )
If "yes," state the new rule of law (give case name and citation):
<u>Johnson v. United States, 135 S.Ct. 2551 (2015), made retroactive to cases on collateral review in Welch v. United States, No. 15-6418; 2016 BL 12040 (4/18/16).</u>

Does this claim rely on "newly discovered evidence?" Yes ( ) No (X)
If "yes," briefly state the newly discovered evidence when it was discovered, and why it was not previously available to you.

_____
_____
_____
_____
_____
_____
_____

**[Additional grounds may be asserted on additional pages if necessary]**

12.    Do you have any motion or appeal now pending in any court as to the judgment now under attack? Yes ( ) No (X)
If "yes," Name of court _____ Case number _____

Page 6

Wherefore, movant prays that the United States Court of Appeals for the Second Circuit grant an Order Authorizing the District Court to Consider Movant's Second or Successive Motion to Vacate under 28 U.S.C. § 2255.

_____
Movant's Signature

I declare under Penalty of Perjury that my answers to all the questions in this motion are true and correct.

Executed on  May 31, 2016                     _____
              [date]                           Movant's Signature

## PROOF OF SERVICE

Movant must send a copy of this motion and all attachments to the United States Attorney's office in the district in which you were convicted.

I certify that on  June 1, 2016                    , I mailed a copy of this motion*
                    [date]

and all attachments to   United States Attorney's Office   at the following address:

One Pierrepont Plaza/Brooklyn, NY 11201   ASSISTANT U.S. ATTORNEY

CATHERINE FRIESON

_____
Movant's Signature

---

\* Pursuant to FRAP 25(a), " Papers filed by an inmate confined in an institution are timely filed if deposited in the institution's internal mail system on or before the last day of filing. Timely filing of papers by an inmate confined in an institution may be shown by a notarized statement or declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid."

## ADDENDUM TO 2244 APPLICATION

### GROUND ONE (Continued):

In support, Viruet attached "newly discovered evidence" in the form of a New York Daily News article which states that Viruet rejected a 15 year plea deal from the government. (**Doc. No. 15 @ 1**). This news paper article is dated Friday, June 15, 2001. He also provided copies of letters sent to him by defense counsel, Brarry Gene Rhodes ("Rhodes") dated December 8, 2000 ("12/8/00 letter"); June 14, 2013 ("2013 letter"); and September 26, 2014 ("2014 letter"). The 12/8/00 Letter was a pretrial correspondence from counsel advising Viruet, inter alia, that "nothing significant has happened following [his] rejection of a **25 year** disposition." After Viruet received the newspaper article regarding the 15 year plea deal, he called Attorney Rhodes to discuss the matter. In the 6/14/13 Letter, Attorney Rhodes stated that "[he] specifically recall[ed] that [Viruet] turned down the offer on the ground that [he] [was] innocent." Counsel also indicated that Viruet's accusation that counsel failed to convey the 15 year plea offer put them "in an adersarial position and ma[de] it ethically inappropriate for [counsel] to advise [Viruet] how to proceed." In the 9/26/14 Letter, Attorney Rhodes advised that "[t]here was no written 'plea offer' of which [he was] aware,..." and that he thought "what [Viruet] [was] referrring to is a 'plea agreement,' and [Viruet's] case did not have one of those either." In each of these letters, Defense Counsel, Mr. Rhodes, emphasizes Viruet's constant claim of innocence.

In his Rule 60(b) motion, Viruet opined that after he adamantly rejected the 25 year plea offer based on his innocence, Attorney Rhodes assumed Viruet would maintain his innocence and did not bother to advise Viruet about the subsequent 15 year plea deal. Indeed, Viruet would have been willing to accept the 15 year plea deal, because it would only subject him to 10 years for the conspiracy charge, and five years for the firearm offense.

Additionally, Viruet relied on this Court's decision in **Cullen v. United States**, 194 F.3d 401, 404 (CA 2, 1999)("A defense lawyer in a criminal case has the duty to advise his client fully on whether a particular plea to a charge appears to be desirable.")(quoting **Boria v. Keane**, 99 F.3d 492, 496 (CA 2, 1996)), also with the then recent Supreme Court decision in **Missouri v. Frye**, 132 S.Ct. (2012)(holding that the Sixth Amendment right to effective counsel extends to plea negotiations and is violated where counsel fails to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused). He asserted that these decisions set forth extradordinary circumstances because the Supreme Court's recent decision in **Martinez v. Ryan**, 132 S.Ct. 1309 (2012), fundamentally changed the rule for deciding habeas corpus cases under 28 U.S.C. § 2254 and equally applied to § 2255, fedeal cases. see e.g. **Ramirez v. United States**, 799 F.3d 845 (CA 7, 2015). Where, as here, a petitioner's ineffective assistance of counsel ("IAC") at trial claim in the initial-review collateral proceeding was not presented by counsel or properly construed in the pro-se petition by the court and through diligence, but without an alternative remedy, the petitioner presents his IAC claim in a Rule 60(b) motion that is substantively meritorious, the district court has equitable power to reopen the habeeas proceedings. Such a showing does not implicate the restrictions to Rule 60 announced by the Supreme Court in **Gonzalez v. Crosby**, 545 U.S. 524, 534 (2005). see also **Harris v. United States**, 367 F.3d 74, 77 (CA 2, 2004)("Relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attack the integrity of the previous habeas proceeding rather than the underlying criminal conviction.").

Finally, Viruet further contends while a "transfer order of a habeas petition deemed successive is an appealable, collateral order, it is not a final order within the meaning of 28 U.S.C. § 2253(c)(1)(B). Thus, "the appeal of such an order does not require at COA." See e.g. **United States v. Fulton**, 780 F.3d 683, 688 (CA 5,

--2--

2015). Accordingly, Viruet should be granted an appeal to demonstrate that his Rule 60(b) motion was not a second or successive § 2255 motion and involves the legal points mentioned above that are arguable on their merits.

### GROUND TWO (continued):

run consecutively.

The Court of Appeals should authorize a second or successive petition where the movant makes a prima facie showing that it "contain[s] ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). "A prima facie showing is not a particularly high standard." **Bell v. United States**, 296 F.3d 127, 128 (CA 2, 2002). "An application need only show sufficient likelihood of satisfying the strict standard of 2255 to 'warrant a fuller exploration by the district court.'" **Bell**, @ 128-29 (quoting **Bennett v. United States**, 119 F.3d 468, 469 (CA 2, 1997).

As noted, the Supreme Court has indicated that its decision in **Johnson** is a new rule of constitutional law made retroactive to cases on collateral review. See **Welch v. United States, supra.**

### Johnson Decision Invalidates Viruet's Two 924(c) Convictions:

In **Johnson**, the Supreme Court invalidated the residual clause of the ACCA, holding that "[i]nvoking sho shapeless a provision to condemn someone to prison for 15 years to life" violates the Fifth Amendment's prohibition on vague criminal laws. 135 S.Ct. @ 2560. Here, the revelant part of 924(c) defining a "crime of violence" has two clauses. The first clause - 924(c)(3)(A) - is commonly referred to as the force clause. The other - § 924(c)(3)(B) - is commonly referred to as the residual clause; both are set forth as follows:

> (3) For purposes of this subsection, the term "crime of violence" means an offense that is a felony and --
> 
>   (A) has an element the use, attempted use, or threatened use of physical

    force against the person or property of another, or

  (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

(18 U.S.C. § 924(c)(3)).

  The 924(c) residual clause is materially indistinguishable from the ACCA residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in **Johnson** struck down as void for vagueness. It follows that the § 924(c) residual clause is likewise unconstitutionally vague. Hence, neither of Viruet's Racketeering convictions can qualify as a "crime of violence" under the § 924(c) residual clause. Likewise, the Racketeering convictions also categorically fails to qualify as a "crime of violence" under the remaining § 924(c) force clause.

### Force Clause/924(c):

  In determining whether an offense qualifies as a "crime of violence" under the force clause, sentencing courts must employ the categorical approach. See **Descamps v. United States**, 133 S. Ct. 2276, 2283 (2013); see also **United States v. Brown**, 514 F.3d 256, 265 (CA 2, 2007). This approach requires that courts "look only to the statutory definitions -- i.e., the elements -- of a defendant's [offenses] and not to the particular facts underlying [the offense]" in determining whether the offense4 qualifies as a "crime of violence." **Dscamps**, 133 S.Ct. @ 2283 (**citations omitted**). In addition, under the categorical approach, an offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute -- "including the most innocent conduct" -- matches or is narrower than the "crime of violence" definition. See **Brown, supra.**; see also **United States v. Torres-Miguel**, 701 F.3d 165, 167 (CA 4, 2012). If the most innocent conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence".

  As a result, post-Descamps, for an offense to qualify as a "crime of violence" under 924(c) "force" clause, the offense must have an element the use, attempted

--4--

use, or threatened use of physical force" against another person or property. 18 U.S.C. § 924(c)(3)(A). "[P]hysical force" means violent force - that is "strong physical force," which is "capable of causing physical pain or injury to another person." **Johnson v. United States**, 559 U.S. 133, 140 (2010).

Here, under 1959(a), the most innocent way of satisfying the Violent Crime in Aid of Racketeer ("VCAR") is by "attempting or conspiring to commit murder or kidnapping". § 1959(a)(5). This does not involve violent force against a person. Additionally, guilty of this offense under the theory of aiding and abetting, does not involve, necessarily, an act of violent force by the aider or abettor.

Because neither of Viruet's Racketeering convictions involved violent force, as it relates to his charges, against the person of another, it cannot qualify as a crime of violence for purposes of sustaining his convictions under § 924(c), Use of a Firearm During the Commission of a Violent Crime.

Accordingly, Viruet should be granted leave to file a successive § 2255 motion in the district court to obtain judgment of his claim on the merits.

Date: May 31, 2016

George Viruet # 01193-748
FCI Schuylkill/P.O. Box 759
Minersville, PA 17954-0759

George Viruet #01193-748
Federal Correctional Institution Schuylkill
P.O. Box 759
Minersville, PA 17954-0759




USM40LD
SDNY

TO: →

01193-748
U-S Court Of Appeals
40 Foley SQ
c/o THE Second Circut
NEW YORK, NY 10007
United States